## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| VINCENT VAIANO, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:24-cv-12245-JEK |
| EXPERIAN INFORMATION SOLUTIONS INC., JOHN DOES 1-5, and JANE DOES 6-10, | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS</u>

**KOBICK, J.**

Plaintiff Vincent Vaiano, who is proceeding *pro se*, alleges that defendant Experian Information Solutions, Inc., a consumer reporting agency, improperly lowered his credit score and engaged in conduct that violates various federal and state laws. Experian has moved to dismiss for failure to state a claim. For the reasons that follow, Experian's motion will be granted.

## BACKGROUND

The following well-pleaded facts are drawn from the complaint and accepted as true for purposes of the motion to dismiss.

In 2021, Vaiano contracted COVID-19 and fell behind on payments to his creditors, leading to a drop in his credit score. ECF 1-1, at 6-41 ("Complaint"), ¶¶ 30-31, 34. Vaiano alleges that from October 1, 2023 until the present, Experian has "reported [his] negative accounts on its site, causing [his] credit score to be significantly lower and causing [him] to either be turned down for credit or having to pay a higher rate for credit." *Id.* ¶ 76.

In July 2024, Vaiano filed a complaint in Norfolk County Superior Court against Experian and various Jane and John Doe defendants. He asserts nineteen causes of action: (1) a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.; (2) a violation of the Massachusetts Consumer Credit Reporting Act, M.G.L. c. 93, § 54A; (3) a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.; (4) unfair debt collection practices, in violation of M.G.L. c. 93, § 49; (5) negligent misrepresentation; (6) false or misleading representations, in violation of 15 U.S.C. § 1125(a); (7) fraud; (8) false or misleading representations in violation of Massachusetts law;[1] (9) invasion of privacy; (10) intentional infliction of emotional distress; (11) negligent infliction of emotional distress; (12) defamation; (13) libel; (14) slander; (15) negligent hiring; (16) negligent failure to provide adequate training; (17) negligent failure to provide adequate supervision; (18) tortious interference with an advantageous relationship; and (19) a violation of Massachusetts' Consumer Protection Act, M.G.L. c. 93A. Complaint, ¶¶ 60-188.

Experian removed the case to this Court pursuant to 28 U.S.C. § 1441(a) and then moved to dismiss the complaint for failure to state a claim. ECF 1, 9. After receiving Vaiano's opposition and holding a hearing, the Court took the motion under advisement. ECF 14, 17.

## STANDARD OF REVIEW

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must determine "'whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintif[f], the complaint states a claim for which relief can be granted.'" *Cortés-Ramos v. Martin-Morales*, 956 F.3d 36, 41 (1st Cir. 2020) (quoting *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 7 (1st Cir. 2011)). The complaint must allege "a plausible entitlement to relief."

---

[1] The complaint purports to assert a claim under "Massachusetts G.L. Sec 13A" without identifying the relevant chapter. Complaint, ¶¶ 101-07.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. The Court "may properly consider only facts and documents that are part of or incorporated into the complaint." *Rivera v. Centro Médico de Turabo, Inc.*, 575 F.3d 10, 15 (1st Cir. 2009) (quotation marks omitted). Where, as here, the plaintiff is proceeding *pro se*, the Court will construe his complaint liberally, accept as true all well-pled, non-conclusory allegations, and draw all reasonable inferences in his favor. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004).

## DISCUSSION

### I.    <u>Fair Credit Reporting Act.</u>

Count I alleges that Experian violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* Enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy," *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007), FCRA imposes certain duties on consumer reporting agencies, like Experian, and allows plaintiffs to "recover actual damages for negligent violations and actual or statutory and punitive damages for willful ones," *Chiang v. Verizon New Eng. Inc.*, 595 F.3d 26, 34 (1st Cir. 2010) (citation omitted); *see* 15 U.S.C. §§ 1681n, 1681o. Vaiano contends that Experian's reports on his creditworthiness and "negative and unfounded alerts" violated FCRA, Complaint, ¶¶ 61-62, and that Experian did not provide him with certain documents he requested, *id.* ¶ 97, but he does not specify which provision of FCRA it allegedly violated. Construed liberally, his allegations appear to assert three theories of liability under FCRA: first, that Experian did not "follow reasonable procedures to assure maximum possible accuracy" when preparing his consumer report, 15 U.S.C.

§ 1681e(b); second, that Experian did not conduct a "reasonable reinvestigation" into the accuracy of disputed information on his consumer report, *id.* § 1681i(a)(1)(A); and third, that Experian failed to "clearly and accurately disclose" the information in his consumer file to him, *id.* § 1681g(a).[2]

A.    Section 1681e(b).

Section 1681e(b) requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy" when preparing consumer reports. To establish a negligent noncompliance claim under this Section, a plaintiff must demonstrate that the agency did not "follow reasonable procedures for assuring maximum possible accuracy, resulting in inaccurate information in the plaintiff's consumer report and thereby injuring the plaintiff." *McIntyre v. RentGrow, Inc.*, 34 F.4th 87, 93 (1st Cir. 2022). A willful noncompliance claim "rests on the same substantive obligation," with the additional element of willfulness. *Id.* "To survive a motion to dismiss, the complaint does not need to show that a jury could side with the plaintiff, only that it is plausible that [the inaccuracy] 'could adversely affect'" him. *Ortez v. RentGrow, Inc.*, No. 24-cv-10376-FDS, 2024 WL 4349252, at *3 (D. Mass. Sept. 30, 2024) (quoting *McIntyre*, 34 F.4th at 97).

Experian argues that Vaiano's claims falter at the threshold step: pleading inaccuracy. *See DeAndrade v. Trans Union LLC*, 523 F.3d 61, 66 (1st Cir. 2008) ("[T]o prevail on a § 1681e(b) claim, a plaintiff must demonstrate that his or her credit report sports an *actual* inaccuracy."); *McIntyre*, 34 F.4th at 96 (an inaccurate report must be "either false or

---

[2] Vaiano's other allegations lodge complaints against the credit industry as a whole and do not "state clearly" whether Experian "committed . . . the alleged wrongful acts." *Bagheri v. Galligan*, 160 F. App'x 4, 5 (1st Cir. 2005). Those allegations cannot form a basis for liability because they do not give Experian "fair notice of what the . . . claim[s] [are] and the grounds upon which [they] res[t]." *Twombly*, 550 U.S. at 555 (quotation marks omitted).

materially misleading"). The Court agrees. Relevant to Section 1681e(b), the complaint makes two factual assertions: (1) Experian reported Vaiano's late payments when he had COVID-19 and fell behind on paying his accounts; and (2) Experian inaccurately made negative and defamatory reports about Vaiano's character. Complaint, ¶¶ 30-31, 34, 137, 145, 150. But the complaint concedes that Vaiano *did* fall behind on payments for his accounts while he had COVID-19, *see id.* ¶ 30, so the late payment reports contained accurate information, in compliance with Section 1681e(b). Vaiano's separate allegations that Experian made "statements in writing about [him]" that were "untrue and attacked [his] character, and defamed [him]," *id.* ¶ 145; *see also id.* ¶ 137, as well as oral statements that "allegedly accused [him] of criminal behavior," *id.* ¶ 150, do not meet the pleading standard set by Federal Rule of Civil Procedure 8. Absent any details regarding the content or context of these statements, Vaiano's claims are "'too meager, vague, [and] conclusory to remove the possibility of relief from the realm of mere conjecture,'" even under the liberal pleading standard afforded to *pro se* litigants. *Douglas v. Hirshon*, 63 F.4th 49, 56 (1st Cir. 2023) (quoting *Legal Sea Foods, LLC v. Strathmore Ins. Co.*, 36 F.4th 29, 33 (1st Cir. 2022)); *cf. Ortez*, 2024 WL 4349252, at *1, *3-4 (plaintiff stated a claim under Section 1681e(b) when he alleged that (1) a tenant-screening report listed his criminal history without including his pardon for a number of convictions and omitted a final disposition, (2) "the inaccurate report caused the apartment communities to deny [him] housing," and (3) this led to "lost earnings, emotional distress, and reputational damage").

Vaiano protests that his allegations are based on "being able to show unreasonable procedures resulted in inaccuracies" and, in his opposition to the motion to dismiss, he alleges for the first time that Synchrony Bank "continues to report an account on [his] credit report without ever having proven [he] has ever had an account with Synchrony." ECF 14, at 8. But a plaintiff

cannot state a claim under Section 1681e(b) by pleading unreasonable procedures without also alleging a specific inaccuracy. *DeAndrade*, 523 F.3d at 66; *see Iqbal*, 556 U.S. at 678-79 (Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"). Nor does Vaiano's allegation about Synchrony Bank suffice, because a plaintiff generally cannot raise new factual allegations in opposition to a motion to dismiss. *Redondo-Borges v. U.S. Dep't of Hous. & Urb. Dev.*, 421 F.3d 1, 7 n.2 (1st Cir. 2005). And even if Vaiano had alleged an inaccuracy in connection with the report about the Synchrony Bank account in his complaint, he has not plausibly alleged that any such inaccuracy caused him harm. *See McIntyre*, 34 F.4th at 92-93 (Section 1681e(b) claims must show that the inaccuracy caused injury to the plaintiff). Vaiano's Section 1681e(b) claim must therefore be dismissed.

      B.      <u>Section 1681i(a).</u>

      Section 1681i sets forth a procedure for disputing information contained in consumer files. Under Section 1681i(a), "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency . . . the agency shall, free of charge, conduct a reasonable reinvestigation" into the dispute. 15 U.S.C. § 1681i(a)(1)(A). As with a Section 1681e(b) claim, a plaintiff pleading a violation of Section 1681i(a) must plead that "the reported information was in fact inaccurate." *DeAndrade*, 523 F.3d at 67. "To determine whether a consumer has identified a factual inaccuracy on his or her credit report that would activate § 1681i's reinvestigation requirement, '[t]he decisive inquiry' is whether the defendant credit bureau could have uncovered the inaccuracy 'if it had reasonably reinvestigated the matter.'" *Id.* at 68 (quoting *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)).

      Vaiano alleges broadly that Experian does not "investigate when [he] writes to [Experian] to question their entries" and "instead rel[ies] on a creditor's statement as fact." Complaint, ¶¶ 44-

45. But again, his complaint fails to allege any inaccuracy in his credit reports with sufficient factual particularity. And even if the Court were to consider Vaiano's belated allegation regarding the Synchrony Bank account, he does not include factual details about any specific instance when he notified Experian of inaccuracies in his report or what information he disputed. Accordingly, the complaint fails to state a claim under Section 1681i(a).

    C.    <u>Section 1681g(a).</u>

Section 1681g(a) obligates consumer reporting agencies to, upon request, "clearly and accurately disclose to the consumer . . . [a]ll information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a)(1). "[I]ts purpose is to enable consumers to obtain information in order to dispute any potential inaccuracies in the file so that inaccurate information is not sent to third parties." *Selvam v. Experian Info. Sols., Inc.*, 651 F. App'x 29, 33 (2d Cir. 2016). Consumer reporting agencies are thus not obligated to disclose "all information recorded and retained"— "only information 'that might be furnished, or has been furnished, in a consumer report.'" *Foskaris v. Experian Info. Sols., Inc.*, 808 F. App'x 436, 439 (9th Cir. 2020) (quoting *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 759 (9th Cir. 2018)); *see also Gillespie v. Trans Union Corp.*, 482 F.3d 907, 908-10 (7th Cir. 2007) (in a dispute over whether, in this context, "file" "encompasses everything in [a] consumer file, or just material included in a consumer report issued to third parties," concluding that "file" solely refers to "information included in a consumer report").

Vaiano contends that Experian "continuously and consistently behaved in a fraudulent manner by not providing the documents requested by [him] that it knew or should have known would reveal the truth of the allegations that [he] mis-behaved in some manner." Complaint, ¶ 97. He does not allege any other facts—regarding, for example, what documents he requested, whether the documents related to information that would have been included in a consumer report, when he requested the information, or how Experian responded to his request. Absent any factual details,

Vaiano's bare claim does not amount to a plausible violation of Section 1681g(a) and must therefore be dismissed. *See Ortez*, 2024 WL 4349252, at *4 (dismissing Section 1681g(a) claim as implausible because plaintiff "simply allege[d] in conclusory terms that defendant 'violated [the statute] by failing to disclose [p]laintiff's full file as requested including, but not limited, to all information in his file along with the sources of the information'"); *Foskaris*, 808 F. App'x at 439 (affirming dismissal of Section 1681g(a) claim where plaintiff "failed to allege that the soft credit inquiry information that he wanted Experian to disclose to him might be furnished, or has been furnished, in a consumer report" (quotation marks omitted)).

## II.    **Massachusetts Consumer Credit Reporting Act.**

Count II alleges that Experian violated the Massachusetts Consumer Credit Reporting Act ("MCCRA"). Vaiano points to a provision of that Act, M.G.L. c. 93, § 54A, which imposes obligations on entities that "furnis[h] information to a consumer reporting agency" to ensure that the information they provide is "accurate and complete." M.G.L. c. 93, § 54A(a). He does not, however, allege that Experian is a furnisher of information to a consumer reporting agency, rather than a consumer reporting agency itself, so this provision appears to be inapplicable to his claims. *See* Complaint, ¶ 5. Nonetheless, "it is not necessary that a legal theory be pleaded in the complaint if [the] plaintiff sets forth sufficient factual allegations to state a claim showing that he is entitled to relief under *some* viable legal theory." *Fitzgerald v. Codex Corp.*, 882 F.2d 586, 589 (1st Cir. 1989) (quotation marks omitted). The Court will thus consider whether Vaiano has pled sufficient facts to establish a claim under: (1) M.G.L. c. 93, § 54, which requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information" when preparing or disseminating consumer reports; (2) M.G.L. c. 93, § 56, which mandates that consumer reporting agencies, upon request, "clearly and accurately disclose to the consumer . . . the nature, contents and substance of all information, except medical information, in its file on the

consumer at the time of the request, and which is obtainable based upon the identifying information supplied by the consumer when making such request"; and (3) M.G.L. c. 93, § 58, which requires consumer reporting agencies to, "within a reasonable period of time, . . . reinvestigate and record the current status" of disputed information in a consumer's file, unless they have "reasonable grounds to believe that the dispute is frivolous or irrelevant." M.G.L. c. 93, §§ 54(b), 56(a), 58(a).

Vaiano does not offer more than conclusory statements regarding Experian's procedures for preparing and sharing consumer reports, and he does not allege facts regarding specific inquiries he lodged with Experian to dispute information in his reports. Further, as discussed, he does not plead inaccuracy with sufficient particularity; he alleges only that Experian did not "remove negative incidents from [his] credit report" and "caused massive harm." Complaint, ¶ 65. Accordingly, he fails to plausibly allege violations of Sections 54 and 58. *See Richardson v. Fleet Bank of Massachusetts*, 190 F. Supp. 2d 81, 84-85 & n.2 (D. Mass. 2001) (evaluating Section 54(b) and 58(a) claims under the federal standards set forth in 15 U.S.C. §§ 1681e(b) and 1681i, respectively, and noting defendant's argument that the FCRA and the MCCRA are "essentially identical"); *see also Brown v. Transunion Holdings, Inc.*, No. 24-cv-11292-NMG, 2025 WL 491714, at *6 (D. Mass. Jan. 14, 2025) (in considering what appears to be a largely identical complaint to the one pled here, finding no "case that supports the conclusion that the Massachusetts Supreme Judicial Court would depart from the First Circuit, interpreting 15 U.S.C. §§ 1681e(b) and [1681i(a)(1)(A)], and hold that, under the MCCRA, a plaintiff need not prove the information was inaccurate"), *report and recommendation adopted* (Feb. 13, 2025). Any claim under Section 56 likewise fails because Vaiano has merely alleged that Experian did not provide him with documents he requested. Complaint, ¶ 97. This conclusory statement does not plausibly allege a violation of Section 56 for the same reasons it fails to establish a claim under Section 1681g(a).

**III.**  **Fair Debt Collection Practices Act and M.G.L. c. 93, § 49.**

Counts III and IV allege that Experian violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and M.G.L. c. 93, § 49. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e); *see Chiang*, 595 F.3d at 41. A plaintiff bringing an FDCPA claim must demonstrate that: "(1) he was the object of collection activity arising from consumer debt, (2) the defendant is a debt collector within the meaning of the statute, and (3) the defendant engaged in a prohibited act or omission under the FDCPA." *Krasnor v. Spaulding Law Office*, 675 F. Supp. 2d 208, 211 (D. Mass. 2009). A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Massachusetts' unfair debt collection statute, M.G.L. c. 93, § 49, provides that "[n]o one who is a creditor or an attorney for a creditor, or an assignee of a creditor, of a natural person present or residing in Massachusetts who has incurred a debt primarily for personal, family or household purposes shall collect or attempt to collect such debt in an unfair, deceptive or unreasonable manner." M.G.L. c. 93, § 49. A "creditor" is "any person and his or her agents, servants, employees, or attorneys engaged in collecting a debt owed or alleged to be owed to him or her by a debtor and shall also include a buyer of delinquent debt who hires a third party or an attorney to collect such debt." 940 Code Mass. Regs. 7.03.

Experian argues, and the Court agrees, that Vaiano's allegations do not plausibly state a violation of either statute. Vaiano offers only three sparse claims relevant to debt collection practices: (1) that "creditors use this system to collect debts, which could loosely be described as unfair debt collection acts or practices"; (2) that Experian "continuously con[s]tructively dunned

[him] regarding an alleged overdue balance" that he did not have; and (3) that since October 1, 2023, Experian "reported [Vaiano's] negative accounts on its site, causing [his] credit score to be significantly lower," which, he argues, amounts to "using the credit reporting system, in effect, to collect a debt(s) which is/are no longer owed." Complaint, ¶¶ 43, 69-70, 76-77.

These allegations fail to establish that Experian is a debt collector within the meaning of the FDCPA. Vaiano offers only conclusory statements and does not allege with any particularity that Experian's principal business purpose is the collection of debts or that it is regularly engaged in collecting debts. *See* 15 U.S.C. § 1692a(6) (definition of "debt collector"); *see also Witt v. U.S. Dep't of Educ.*, No. 23-cv-00562-KAD, 2024 WL 889250, at *6 (D. Conn. Jan. 23, 2024) ("It is well-settled that a credit reporting agency such as Experian . . . [is] not a 'debt collector' under the FDCPA."), *report and recommendation adopted* (Feb. 15, 2024); *Perez v. Experian*, No. 20-cv-9119-PAE-JLC, 2021 WL 4784280, at *13 (S.D.N.Y. Oct. 14, 2021) (Experian is a "credit reporting agenc[y] that do[es] not collect debts, and therefore do[es] not fall within the meaning of 'debt collector' under the FDCPA"), *report and recommendation adopted*, No. 20-cv-9119-PAE-JLC, 2021 WL 5088036 (S.D.N.Y. Nov. 2, 2021).

Vaiano's Section 49 claim also must be dismissed. Section 49 does not provide a private right of action; instead, plaintiffs alleging a violation of this section must seek recovery under Chapter 93A. *See* M.G.L. c. 93, § 49 ("Failure to comply with the provisions of [Section 49] shall constitute an unfair or deceptive act or practice under the provisions of chapter ninety-three A."); *McGrath v. Mishara*, 386 Mass. 74, 78 (1982) ("[P]laintiffs seeking to recover for violations of [Section 49] must satisfy the requirements for recovery under c. 93A."); *DeCotis v. Specialized Loan Servicing LLC*, 642 F. Supp. 3d 181, 189 (D. Mass. 2022) (dismissing Section 49 claim because "[a] violation of § 49 is cognizable only to the extent it forms a basis for liability with

respect to a plaintiff's Chapter 93A claim"). Moreover, Vaiano does not allege that he owes money to Experian or any related entity. His thin allegations thus fail to plausibly establish that Experian is a creditor (or attorney or assignee of a creditor) under Section 49. *See* 940 Code Mass. Regs. 7.03; *Brown*, 2025 WL 491714, at *7 (dismissing Section 49 claim "either because the statute does not provide a private right of action or because plaintiff has not plausibly alleged that [defendant] is a 'creditor'" (footnote omitted)).

In opposition to the motion to dismiss, Vaiano argues that "[u]pon information and belief, [Experian's] computers communicate with Debt Collection Agency's computers multiple times daily" and that "[t]his constant, daily communication most certainly points to [Experian] as an Agent of a Debt Collection Agency." ECF 14, at 9. Even if the Court considered this factual allegation, which was not raised in the complaint, it does not plausibly establish that Experian is an agent of any debt collection agency such that it should be considered a debt collector under the FDCPA or a creditor under M.G.L. c. 93, § 49 and 940 Code Mass. Regs. 7.03. Communication between two entities does not imply an agency relationship. Vaiano's conclusory statement that Experian is the agent of some unnamed debt collection agency "stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quotation marks omitted).

## IV.     **Defamation, Privacy, and Negligence Claims.**

Counts V, IX, XII, XIII, XIV, XV, XVI, and XVII, respectively, allege claims of negligent misrepresentation, invasion of privacy, defamation, libel, slander, negligent hiring, negligent failure to provide adequate training, and negligent failure to provide adequate supervision. Experian contends that these claims must be dismissed because they fall within the "qualified immunity" from certain state-law claims afforded by FCRA in 15 U.S.C. § 1681h(e). *Thornton v.*

*Equifax, Inc.*, 619 F.2d 700, 703 (8th Cir. 1980).[3] Alternatively, Experian argues that all of these claims lack the requisite factual detail to survive a motion to dismiss. The Court agrees with this latter contention and therefore does not reach Experian's immunity argument.

Count V—Vaiano's claim for negligent misrepresentation—is conclusory. To establish a claim for negligent misrepresentation, the defendant must, "in the course of his business . . . suppl[y] false information for the guidance of others in their business transactions, causing and resulting in pecuniary loss to others by their justifiable reliance on the information, with failure to exercise reasonable care or competence in obtaining or communicating the information." *Marram v. Kobrick Offshore Fund, Ltd.*, 442 Mass. 43, 59 n.25 (2004). "[J]ustifiable reliance is integral to a claim for negligent misrepresentation." *Id.* at 59. Here, Vaiano alleges that Experian made oral and written statements that negligently misrepresented Vaiano's "factual reality" and that Vaiano relied on those misrepresentations in a "reasonable and justified manner." Complaint, ¶¶ 82, 84. He does not, however, specify what those misrepresentations were or what he did in reliance on those statements. Absent those foundational factual allegations, Count V must be dismissed.

Count IX—Vaiano's invasion of privacy claim—fails as well. Because the Supreme Judicial Court has not yet decided whether Massachusetts recognizes a common law cause of action for invasion of privacy, this Court liberally construes his claim to arise under M.G.L. c. 214, § 1B. *See Alberts v. Devine*, 395 Mass. 59, 70 (1985) (declining to determine whether a common law cause of action for invasion of privacy exists in Massachusetts). Under Section 1B, "[a] person shall have a right against unreasonable, substantial or serious interference with his privacy."

---

[3] Under Section 1681h(e), "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency . . . based on information disclosed pursuant to section 1681g, 1681h, or 1681m of [Title 15] . . . except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e).

M.G.L. c. 214, § 1B. To sustain a claim under the statute, "'the invasion must be both unreasonable and substantial or serious.'" *Ortiz v. Examworks, Inc.*, 470 Mass. 784, 793 (2015) (quoting *Nelson v. Salem State College*, 446 Mass. 525, 536 (2006)). Vaiano makes two pertinent allegations: first, that Experian "regularly invaded" his privacy by "constantly publishing private and false facts about [his] credit accounts," and second, that it painted him "in a false light—continuously and maliciously throughout the entire period of time that [he] has been classified as a 'deadbeat.'" Complaint, ¶¶ 110-11. As to the first allegation, Vaiano has failed to provide any factual details to plausibly allege that the invasion was "'both unreasonable and substantial or serious.'" *Ortiz*, 470 Mass. at 793 (quoting *Nelson*, 446 Mass. at 536). As to the second, Massachusetts has "not adopted an interpretation of [Section 1B] that would give rise to [a] claim of false light invasion of privacy." *Ayash v. Dana-Farber Cancer Inst.*, 443 Mass. 367, 382 n.16 (2005) (citing *ELM Med. Lab'y, Inc. v. RKO Gen. Inc.*, 403 Mass. 779, 787 (1989)). Count IX must therefore be dismissed.

Counts XII, XIII, and XIV—Vaiano's defamation, libel, and slander claims, respectively— are likewise too conclusory to survive a motion to dismiss. A claim for defamation encompasses both libel and slander, *see HipSaver, Inc. v. Kiel*, 464 Mass. 517, 522 (2013), and may be established if a plaintiff alleges that "(1) the defendant published a false statement regarding the plaintiff—that is, the defendant communicated the statement concerning the plaintiff to a third party; (2) the statement could damage the plaintiff's reputation in the community; and (3) the statement caused economic loss or is otherwise actionable without proof of economic loss," *Flagg v. AliMed, Inc.*, 466 Mass. 23, 37 (2013). The plaintiff also "'must specifically identify the allegedly false statement.'" *3137, LLC v. Town of Harwich*, 126 F.4th 1, 15 (1st Cir. 2025) (quoting *Kelleher v. Lowell Gen. Hosp.*, 98 Mass. App. Ct. 49, 53 n.2 (2020)). In Massachusetts, a plaintiff may additionally "recover for a truthful defamatory statement published in writing (or its

equivalent) with actual malice" under M.G.L. c. 231, § 92, "except as confined by the requirements of the First Amendment to the United States Constitution." *White v. Blue Cross & Blue Shield of Massachusetts, Inc.*, 442 Mass. 64, 66 n.4 (2004). Vaiano's complaint alleges only that Experian spread untrue statements about him. He does not specify the substance of those statements, apart from an allegation that Experian "allegedly accused [him] of criminal behavior," which does not identify what criminal conduct was reported. Complaint, ¶ 150. Nor does he plausibly allege any facts from which the Court can infer that Experian made truthful defamatory statements about him with malice. Accordingly, Counts XII, XIII, and XIV must be dismissed.

Finally, Counts XV, XVI, and XVII—Vaiano's negligent hiring, negligent training, and negligent supervision claims, respectively—also fail. An employer may be held liable for failing to "exercis[e] reasonable care to ensure that their employees do not cause foreseeable harm to a foreseeable class of plaintiffs." *Roe No. 1 v. Children's Hosp. Med. Ctr.*, 469 Mass. 710, 714 (2014). Accordingly, a plaintiff may recover for negligent hiring if the employer "knows or should know" that the employee "is a person unworthy, by habits, temperament, or nature, to deal with the persons invited to the premises by the employer." *Foster v. The Loft, Inc.*, 26 Mass. App. Ct. 289, 290-91 (1988). Similarly, to establish a claim for an employer's negligent supervision and training, "a plaintiff must show that the 'employer [became] aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further action such as investigating, discharge or reassignment.'" *Helfman v. Ne. Univ.*, 485 Mass. 308, 326 (2020) (quoting *Foster*, 26 Mass. App. Ct. at 291). Vaiano outlines the skeleton of these legal claims without alleging sufficient facts to state a claim under any of these theories. He claims that Experian is "staffed with people who are . . . entombed in the corporate culture of the credit reporting indus[t]ry"; that Experian is hiring for and training employees to be "'minions' . . .

without the ability of independent thought"; and that the defendants are arguably "negligently not supervising the drones to do anything but punish [him]." Complaint, ¶¶ 39-41. These allegations fail to establish that, at a minimum, Experian knew or should have known of the unfitness of the employees who allegedly injured him. Counts XV, XVI, and XVII therefore fail to state a claim.

## V.    <u>Lanham Act.</u>

Count VI asserts a claim under the Lanham Act, 15 U.S.C. § 1125(a), for "false or misleading representations." Complaint, ¶ 91. To establish a false advertising claim under 15 U.S.C. § 1125(a), a plaintiff must allege that:

> (1) the defendant made a false or misleading description of fact or representation of fact in a commercial advertisement about his own or another's product; (2) the misrepresentation is material, in that it is likely to influence the purchasing decision; (3) the misrepresentation actually deceives or has the tendency to deceive a substantial segment of its audience; (4) the defendant placed the false or misleading statement in interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products.

*Cashmere & Camel Hair Mfrs. Inst. v. Saks Fifth Ave.*, 284 F.3d 302, 310-11 (1st Cir. 2002).

Vaiano alleges that Experian's "systemic practices rise to the level of false or misleading representations under the plain definition of those words and are highly likely to have misled [him]." Complaint, ¶ 91. He has not, however, pled any factual allegations that could support any element of his Lanham Act claim. Count VI is accordingly dismissed.

## VI.    <u>Fraud.</u>

Count VII alleges fraud. "The elements of fraud consist of '[1] a false representation [2] of a matter of material fact [3] with knowledge of its falsity [4] for the purpose of inducing [action] thereon, and [5] that the plaintiff relied upon the representation as true and acted upon it to his [or her] damage.'" *Balles v. Babcock Power Inc.*, 476 Mass. 565, 573 (2017) (quoting *Danca v. Taunton Sav. Bank*, 385 Mass. 1, 8 (1982)). In some cases, "nondisclosure may amount to fraud if

a party is under a duty to the other [party] to exercise reasonable care to disclose the matter in question." *Rood v. Newberg*, 48 Mass. App. Ct. 185, 192 (1999) (quotation marks omitted).

Vaiano claims that Experian has "continuously and consistently behaved in a fraudulent manner by": (1) "concealing the details of the account information from [him]"; (2) "not revealing any of the alleged fraudulent behavior of [Vaiano] . . . from August 2014 to present"; (3) "not providing the documents requested . . . that it knew or should have known would reveal the truth of the allegations that [Vaiano] mis-behaved in some manner"; and (4) "not providing any notices to [Vaiano] about his account until October, 2023," even though Experian "knew or should have known that [he] was never given any notice of his accounts from October, 2023 until May 2024, and then was given the balances only." Complaint, ¶¶ 95-99. As a result, Vaiano claims, he "faced the constant reality of not even knowing what [Experian] was doing with [his] account." *Id.* ¶ 100. These vague assertions fail to state a claim because, even construed liberally, they do not allege "with particularity" any actions Vaiano took in reliance on any representation or concealment, or the damage he suffered as a result. *See* Fed. R. Civ. 9(b) ("[A] party must state with particularity the circumstances constituting fraud or mistake.").

## VII.    <u>Intentional Infliction of Emotional Distress.</u>

Count X asserts a claim for intentional infliction of emotional distress. To make out this claim, Vaiano must plausibly allege: "(1) that the actor intended to inflict emotional distress or that [it] knew or should have known that emotional distress was the likely result of [its] conduct"; (2) "that the conduct was extreme and outrageous, was beyond all possible bounds of decency and was utterly intolerable in a civilized community"; (3) "that the actions of the defendant were the cause of the plaintiff's distress"; and (4) that his emotional distress "was severe." *Butcher v. Univ. of Massachusetts*, 483 Mass. 742, 758 (2019) (quotation marks omitted). The defendant's liability "cannot be predicated upon 'mere insults, indignities, threats, annoyances, petty oppressions, or

other trivialities,' nor even is it enough 'that the defendant has acted with an intent which is tortious or even criminal.'" *Foley v. Polaroid Corp.*, 400 Mass. 82, 99 (1987) (quoting Restatement (Second) of Torts § 46, cmt. d (1965)).

Vaiano's conclusory allegations against Experian do not clear this bar. Read generously, the complaint maintains that Experian reported Vaiano's failure to pay certain accounts and information that reflected negatively on his character. These pleadings neither establish that Experian intended to cause Vaiano emotional distress nor show that its conduct exceeded "all possible bounds of decency." *Butcher*, 483 Mass. at 758 (quotation marks omitted); *see Brown v. JPMorgan Chase & Co.*, No. 22-cv-11298-FDS, 2023 WL 3511363, at *1, *3 (D. Mass. May 17, 2023) (defendant's failure to remove its credit inquiry from plaintiff's credit reports, which led to plaintiff's lowered credit score, did not amount to intentional infliction of emotional distress); *Richardson*, 190 F. Supp. 2d at 83-84, 90 (consumer reporting agency's reports containing erroneous information did not give rise to intentional infliction of emotional distress claim).

## VIII.    <u>Negligent Infliction of Emotional Distress.</u>

Count XI asserts a claim for negligent infliction of emotional distress. To make out this claim, Vaiano must plausibly allege "'(1) negligence; (2) emotional distress; (3) causation; (4) physical harm manifested by objective symptomatology; and (5) that a reasonable person would have suffered emotional distress under the circumstances of the case.'" *Lanier v. President & Fellows of Harvard College*, 490 Mass. 37, 44 (2022) (quoting *Payton v. Abbott Labs*, 386 Mass. 540, 557 (1982)).

Experian argues, and the Court agrees, that Vaiano's allegations are too threadbare to survive a motion to dismiss. "To establish the first element of negligence, the plaintiff must show that the defendant owed a duty to the plaintiff and that the defendant's failure to exercise reasonable care resulted in a breach of that duty." *Id.* The sparse factual allegations in the complaint do not

support a claim of negligence against Experian because Vaiano does not allege, much less explain, how Experian breached any duty to him by reporting his admittedly late payments. And even if the Court were to consider Vaiano's allegation regarding the Synchrony Bank account listed on his credit report, Vaiano has not plausibly demonstrated that the listing reasonably caused him emotional distress, particularly given his admission at the motion hearing that the account was "positive." Vaiano accordingly fails to plead negligent infliction of emotional distress.

## IX.    <u>Tortious Interference.</u>

Count XVIII alleges that Experian tortiously interfered with an advantageous relationship. To succeed on this claim, Vaiano must allege "'that (1) he had an advantageous relationship with a third party (e.g., a present or prospective contract or employment relationship); (2) the defendant knowingly induced a breaking of the relationship; (3) the defendant's interference with the relationship, in addition to being intentional, was improper in motive or means; and (4) the plaintiff was harmed by the defendant's actions.'" *Tenants' Dev. Corp. v. AMTAX Holdings 227, LLC*, 495 Mass. 207, 223 (2025) (quoting *Blackstone v. Cashman*, 448 Mass. 255, 260 (2007)).

Vaiano has not pled the necessary factual predicates to state a claim for tortious interference. The complaint alleges that "[t]here was in existence a contractual relationship between [Vaiano] and a third party ([his] creditors)," that Experian "harmed [him] by interfering with that contractual relationship by making false statements to the third party," that Experian's conduct was tortious because it lacked "privilege or justification," and that "[a]ctual damage resulted." Complaint, ¶¶ 175-78. In his opposition to the motion to dismiss, Vaiano clarifies that the third parties he refers to include "lenders, hospitals, banks, mortgage brokers, credit card companies, financial institutions, et al." and that the damage he has suffered includes an impaired "ability to generate revenue for himself and his loved ones," which has hampered his "financial freedom and freedom of time." ECF 14, at 15. These allegations are too threadbare to survive a

motion to dismiss. At a minimum, Vaiano fails to allege facts to support his claims that Experian "knowingly induced" a rupture between Vaiano and any third parties or that its actions were "improper in motive or means." *Tenants' Dev. Corp.*, 495 Mass. at 223 (quotation marks omitted). His claim for tortious interference is accordingly dismissed.

## X.    <u>Deceptive Business Practices.</u>

Count XIX asserts a violation of M.G.L. c. 93A, Massachusetts' consumer protection statute.[4] Chapter 93A prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." M.G.L. c. 93A, § 2(a). "To state a claim under the consumer protection statute, G. L. c. 93A, § 9, a plaintiff must allege facts sufficient to establish four elements: first, that the defendant has committed an unfair or deceptive act or practice; second, that the unfair or deceptive act or practice occurred 'in the conduct of any trade or commerce;' third, that the plaintiff suffered an injury; and fourth, that the defendant's unfair or deceptive conduct was a cause of the injury." *Rafferty v. Merck & Co.*, 479 Mass. 141, 161 (2018) (quoting M.G.L. c. 93A, § 2(a)). When weighing whether an act is unfair under Chapter 93A, courts consider: "(1) whether the conduct is within 'at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers' or other businesses." *H1 Lincoln, Inc. v. S. Washington St., LLC*, 489 Mass. 1, 14 (2022) (quoting *PMP Assocs., Inc. v. Globe Newspaper Co.*, 366 Mass. 593, 596 (1975)). An act is deceptive under Chapter 93A "if it could reasonably be found to have caused a person to act differently from the way he [or she]

---

[4] Count VIII makes a similar claim, alleging "false or misleading representations" under Section 13A of an unspecified chapter of the Massachusetts General Laws. Complaint, ¶¶ 101-07. The Court has been unable to identify what chapter this claim refers to, and at the hearing on the motion to dismiss, Vaiano could not recall what chapter he was referencing. The Court therefore treats Counts VIII and XIX as duplicative of one another.

otherwise would have acted." *Aspinall v. Philip Morris Cos., Inc.*, 442 Mass. 381, 394 (2004) (quotation marks omitted).

Vaiano alleges that Experian's "behavior represents unconscionable behavior, said behavior which shocks the conscience and are considered unfair and deceptive business practices." Complaint, ¶ 184. But his complaint does not specify the unconscionable conduct or otherwise offer factual allegations that support this legal conclusion. As described in the complaint, Experian's actions were neither unfair nor deceptive. Vaiano's well-pled factual allegations reflect that Experian reported Vaiano's admitted failure to timely pay his accounts and that his credit score dropped as a result. He does not offer any allegations regarding how this "has the capacity to mislead consumers, acting reasonably under the circumstances, to act differently from the way they otherwise would have acted." *Aspinall*, 442 Mass. at 396. And this conduct falls far short of unfair, "immoral, unethical, oppressive, or unscrupulous" behavior. *H1 Lincoln, Inc.*, 489 Mass. at 14 (quotation marks omitted). Accordingly, it cannot form the basis of a Chapter 93A claim.

## XI.    <u>John and Jane Does.</u>

The motion to dismiss was only brought by Experian, the sole named defendant in this case. Defendants John Does 1 through 5 and Jane Does 6 through 10 have not been served, and Vaiano has now exceeded the 90-day service period set by Federal Rule of Civil Procedure 4(m) as to those unserved defendants. When, as here, an "action is dismissed as to all defendants who have been served and only unserved defendants 'remain,' . . . there is no reason . . . to preclude the immediate and automatic entry of a final judgment since there is no basis for believing there will be any further adjudications in the action." *Leonhard v. United States*, 633 F.2d 599, 608 (2d Cir. 1980). That is especially so in this case, given Vaiano's allegations that each of the unserved defendants "is or was an employee, agent or servant of the defendant Experian, legally responsible, . . . for the events and happenings hereinafter set out in the complaint and that they . . . jointly and

severally proximately caused [his] damages." Complaint, ¶¶ 6-7. Vaiano's claims against John Does 1 through 5 and Jane Does 6 through 10 are therefore also dismissed. *See W. Cap. Design, LLC v. New York Mercantile Exch.*, 180 F. Supp. 2d 438, 443 (S.D.N.Y. 2001) (dismissing complaint "entirely" because it could "not stand against only unnamed, unserved defendants"), *aff'd*, 25 F. App'x 63 (2d Cir. 2002).

## CONCLUSION AND ORDER

For the foregoing reasons, Experian's motion to dismiss, ECF 9, is GRANTED, and Vaiano's claims are DISMISSED in their entirety.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE

Dated: August 12, 2025